**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:  BKY # 18-32405
 Chapter 12

GARY AND JUDY DEGEN

       Debtors.

---

## CHAPTER 12 PLAN OF REORGANIZATION
## DATED OCTOBER 29, 2018

---

### ARTICLE I: Summary of the Plan

    This plan shall continue for a period of FIVE years from its effective date. The property of the Debtors is being valued, and the claim of each secured creditor is being treated as secured in the amount of the value of the property securing such claim. Costs of administration are being paid on the effective date of the plan unless otherwise agreed to or directed by the Court. Priority claims are being paid in full as allowed. The Debtors will pay the Trustee no less than all disposable income, as that term is defined in 11 U.S. C. Section 1225, for Trustee administration and distribution to unsecured creditors. The deficiency claims of all secured creditors will be treated as unsecured claims unless otherwise ordered by the Court.

### ARTICLE II: Definitions

1. "Creditors" means all entities having a claim against the Debtors.
2. "Secured Creditor" means a creditor with a lien or security interest in property of the Debtors.
3. "Claim" means a timely filed claim which has been allowed by the Court or a secured claim which is dealt with in the plan whether or not a claim is filed.
4. "Effective Date" means the date on which the Order of Confirmation becomes final.
5. "Trustee" means the Chapter 12 Trustee.
6. "Disposable Income" means all income received by the Debtors annually after deducting operating expenses, living expenses (salaries approved) and plan payments.

### ARTICLE III: Liquidation Test

    The Debtors' net equity in their property appears to be in excess of all claims. All allowed claims will be paid as provided in this Plan. This is a 100% pay plan. If disposable income is insufficient to pay all claims, Debtors' will liquidate sufficient property to do so.

### ARTICLE IV: Disposable Income

    The Debtors' projections of gross income, operating expenses, living expenses and plan payments indicate that they may have disposable income annually in the amount of $47,000.00. For the term of this plan, all of the Debtors' disposable income, regardless of the amount, will be paid to the Trustee for payment of cost of administration and distribution to unsecured creditors. All disposable income (future earnings not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the Debtors and their dependents) for FIVE years

following the effective date shall be submitted to the Trustee for distribution. All creditors with Class 4 – General Unsecured Claims shall be paid a pro rata share of disposable income after administrative and priority claims have been paid. Unsecured creditors will be paid 100%.

## ARTICLE V: Living Expenses

The Debtors' projection of living expenses is $60,000.00. The Debtors shall limit annual withdrawals to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon application of a party in interest.

## ARTICLE VI: Classification and Treatment of Claims

**Class 1**. **Costs of Administration**. This Class includes compensation and expenses of professionals and court costs and all expenses incurred by the Debtors after the filing of their petition and before the entry of the order of confirmation and expenses of professionals and court costs, shall be paid in full on the effective date of the plan. Claims for compensation and expenses of professionals and court costs shall be paid upon approval by the Court and as directed by the Court. The Chapter 12 Trustee shall make application to the Court for approval of trustee's fee and for any reasonable and necessary expenses of the Trustee in effectuating the Trustee's duties under the Bankruptcy Code in administering this case. The Debtors shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 Trustee as an estimated payment and the Trustee shall hold the fee until the Trustee's fees and expenses are applied for and approved by the Court. Once the Trustee's fees are approved, the Trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the Debtors, unless otherwise ordered by the Court. **All payments shall be made through the Chapter 12 Trustee unless otherwise stated herein**. **Creditors shall only accept direct payments from the Debtors if specified in the Plan.**

**Class 2: Secured Claims**. Class 2 consists of secured claims. The applicable trustee's fee will be added to those payments paid by the trustee. The Debtors reserves the right to prepay any portion of any claim.

- **A. PRODUCE STATE BANK** This creditor holds liens upon the Debtors' real and much personal property and is fully secured. This claim shall not be impaired and shall be paid directly by the Debtors.

- **B. AG DIRECT** This creditor holds a lien on a 2012 John Deere S670 Combine, and 2008 Timpte Grain Trailer. The claim is in the amount of $147,000.00. The trailer shall be promptly sold by Debtors or turned over to creditor to be sold in an agreed upon manner. The remaining claim estimated at approximately $132,500.00 shall be amortized over 6 years at the contract rate of 3.7%, beginning February 1, 2019, resulting in an annual payment of approximately $24,500.00. Any adequate protection payments shall be deducted from the 2019 payment. This shall be paid directly by the Debtors.

- **C. CHASE** This creditor is holding the mortgage upon Debtors' homestead in the amount of $37,900. The homestead is valued at $256,700.00. This claim shall not be impaired and shall be paid directly by the Debtors.

**D. JOHN DEERE FINACIAL** This creditor has several loans secured by numerous items of farm machinery. The loans appear cross-collateralized. The total amount of the claim may exceed $600,000.00 when allowable costs are assessed. The total value of all collateral may approach $500,000.00, or more.

The Debtors will retain the following items and pay the indicated amounts:

| Item | Amount |
|---|---|
| 3038 Utility Tractor & attachments | 14,900 |
| JD 8 row corn header (608C) | 30,000 |
| S670 combine | 132,500 |
| 635F flex header # 1HOO635F706552 | 7,500 |
| 612C 12 row corn header | 36,904 |

Other items shall promptly sold by Debtors or turned over to creditor to be sold in an agreed upon manner - except for the S690 combine which shall be retained pursuant to the adequate protection order applicable to this claim. The remaining claim estimated at approximately $221,804.00 shall be amortized over 6 years at the contract rate of 3.3%, payment beginning February 1, 2019, resulting in an annual payment of approximately $40,799.00. Any adequate protection payments except the S690 combine if surrendered shall be deducted from the 2019 payment. This claim shall be paid directly by the Debtors.

**E. ALL OTHE SECURED CLAIMS S**hall not be impaired and shall be paid directly by the Debtors.

**Class 3: Priority Unsecured Claims.** Class 3 consists of all claims entitled to priority under § 507. Debtors are unaware of claims of this category.

**Class 4. General Unsecured Claims.** Class 4 consists of general unsecured claims, claims of all unsecured creditors which are as a result of damages arising as a result of the rejection of unexpired leases and/or executory agreements, claims resulting from the value of a secured claim being of a value less than the security held against held claim, and/or those secured creditors whose claims are determined to be unsecured, claims of all accommodation parties and co-makers or loans of which the Debtors are the principal, and claims for taxes and penalties which are not included in any other Class.

**A. ALLOWED CLAIMS** Allowed claims shall be paid in full by the trustee. By the conclusion of the plan the Debtors will pay the trustee funds sufficient to pay these claims.

**Class 5. Executory Contracts and Leases**. Class 5 consists of executory contracts and leases existing as of the date of filing. All such executory contracts and leases are rejected unless specifically assumed in this section.

## ARTICLE VII: Execution of Plan

The Debtors propose to continue their operations and make the plan payments out of farm or other income. In the event Debtors is unable to make projected payments, sufficient personal property or real estate will be sold to enable Debtors to do so.

## ARTICLE VIII: Retention of Liens and Incorporation of Documents

All creditors whose claims are treated as secured in this plan shall retain their liens on the collateral securing their respective claims subject to cash collateral provisions as specified in the plan and until such claims are paid in full in the amount allowed as secured. Except as modified by the terms of this plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference as if more fully set out in this plan. This plan and the Order confirming the plan may be recorded in the Office of the Register of Deeds of each county.

## ARTICLE IX: General Provisions

1. **Normal income, security; retention of liens**. As long as Debtors are no more than 30 days delinquent in payments under this Plan, **they shall be entitled to use all sales proceeds of normal income collateral such as crop or livestock sales, and any crop or other proceeds of their operations in the normal course of business.** With that exception, and except as limited or avoided under 11 U.S.C. §§ 506, 522(f), or 544, secured creditors shall retain their interests in all collateral, to the extent that they held such collateral interests prepetition, until their claims as modified herein are paid in full.
2. **Waiver of defaults**. All defaults with respect to any creditor are waived.
3. **Vesting of property**. All property of the estate shall vest in the Debtors as of the date of Plan confirmation.
4. **Reservation of rights**. Debtors reserves all rights under Minn. Stat. § 557.10 as to crops and any terminated interests in real estate.
5. The Court shall retain jurisdiction over the Debtors and his property for the term of the plan.
6. As part of the continuing operation, the Debtors shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee. The Debtors shall provide the Chapter 12 Trustee copies of tax returns annually once filed.

---

Mark Halverson  
Bar no.: 124217  
Halverson Law Office  
600 South Second Street  
P.O. Box 3544  
Mankato, MN 56002-3544  
Tele: 507-345-1535  
Fax:  507-345-6407  
Email: lawfirm@halverson.com  

Signed: /S/ Gary Degen_____  
/S/ Judy Degen  


Dated: OCTOBER 29, 2018

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA
# ST. PAUL DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. |
|     GARY DEGEN | § | |
|     JUDY DEGEN | § | |
| | § | |
|     Debtor(s). | § | |

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS

☐ CHAPTER 13 PLAN

☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION

☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS

☐ MODIFIED CHAPTER 13 PLAN

☒ OTHER (Please describe: Chapter 12 Plan)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[Individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: Oct- 29, 2018

x _/s/ Gary Degen_  
Signature of Debtor 1 or Authorized Representative

x _/s/ Judy Degen_  
Signature of Debtor 2

GARY DEGEN  
Printed name of Debtor 1 or Authorized Represntative

JUDY DEGEN  
Printed Name of Debtor 2